*Turner,* for appellant.

*Cissel & Vance,* for appellee.

---

## JNO. M. JAMES ET AL *v.* W. D. BLACK.

**Principal and Surety—Other Names—Principal Sureties' Agent—Bond—Delivery—Fraudulent Combination.**

If the sureties in a bond shall see proper to trust their principal as their agent to get other names and to deliver the bond to the obligee they will be bound by his acts, unless they can show a fraudulent combination with the obligee; the bare knowledge of the latter is not sufficient.

APPEAL FROM PULASKI CIRCUIT COURT.

November 26, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The court committed no error in the excluding of the testimony, if the sureties in a bond shall see proper to trust their prin-

cipal as their agent to get other names and to deliver the bond to the obligee, they will be bound by his acts in delivering the bond without getting such names unless they can show that he entered into a fraudulent combination with the obligee. The bare knowledge of the latter, if certainly made out of the understanding between the agent and his sureties, will not defeat the obligatory force of the bond. If sureties should desire to protect themselves in such cases, they can do so by either seeing that all the proposed sureties sign their names, or by a covenant in the writing that it is not to be obligatory until signed by the therein named sureties.

The evidence tends strongly to establish a fraudulent sale by Grover to Murphy, and the subsequent sale of a part of the land conveyed to Murphy, by Grover to James and Williams, and Murphy's ratification of it fortifies this conclusion, and indicates that though James' and Williams' notes were taken by Grover payable to Murphy, yet that these really belonged to Grover, and there was nothing erroneous in their appropriation to the benefit of Grover's creditors.

The petition has a two-fold object, one to set aside the fraudulent conveyance by Grover to Murphy, the other to obtain an attachment for $800. As the suit would be a *lis pendens* as to the land, there was nothing erroneous in holding the notes of James and Williams to Murphy, but which really belonged to Grover. responsible to the extent of $800 under this attachment. All parties had a knowledge of the objects of the suit from service of process on them, and any voluntary payment of these notes after process served would be in the party's own wrong. Seeing no available error in the record, the judgment is affirmed.

*Van Winkle, for appellant.*

*James, for appellee.*